# SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between ROSA M. ANANOS (hereinafter "Plaintiff"), and ALEJANDRO SCOLNIK and GODIVA AMERICAN, CORP. d/b/a SANTA FE NEWS AND ESPRESSO (which terms shall collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities) (hereinafter referred to as "Defendants").

W I T N E S S E T H :

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court, Southern District of Florida, to which case number 15-cv-23561-JAL was assigned (hereinafter referred to as the "Civil Action"), and in which Plaintiff alleged various claims, including claims under the Fair Labor Standards Act.

WHEREAS, Plaintiff filed a Charge of Discrimination against Defendants before the United States Equal Employment Opportunity Commission ("EEOC"), to which charge number 510-2015-04464 was assigned (hereinafter referred to as the "EEOC Charge"), and in which Plaintiff alleged age discrimination under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

WHEREAS, Defendants deny Plaintiff's claims;

WHEREAS, Plaintiff and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them; and

WHEREAS, Plaintiff acknowledges that any payment received pursuant to this Agreement constitutes consideration which she would not otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

381457                                                                 1

1. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2. Plaintiff agrees that she shall take all necessary actions to execute, serve and file all documents and pleadings necessary to dismiss the Civil Action with prejudice and withdraw her EEOC Charge, as well as any other claims or complaints she may have pending against Defendants before the EEOC or any other agency or court.

3. In full settlement of all claims, including attorney's fees and costs, Defendants agree to pay Plaintiff and her attorney the total sum of Twenty Six Thousand dollars ($26,000.00) in four (4) installments as follows:

(a) Within five (5) business days after the Court's approval of the settlement and dismissal of this Civil Action with prejudice, a sum of Twelve Thousand dollars ($12,000.00) shall be distributed as follows:

   (1) A check in the amount of Five Thousand dollars ($5,000.00) will be made payable to Zandro E. Palma, P.A. This sum is allocated as payment for Plaintiff's claims for attorney's fees and costs for Plaintiff's claims in the Civil Action.

   (2) A check in the amount of Seven Thousand dollars ($7,000.00), for which an IRS Form 1099 shall be issued, will be made payable to Plaintiff, Rosa M. Ananos. This sum is allocated as payment for Plaintiff's claims in the Civil Action.

(b) Within five (5) business days of the EEOC's dismissal of the EEOC Charge, but at least thirty (30) days after the payment set forth in (a) is made, a sum of Four Thousand Six Hundred Sixty-Six dollars and Sixty-Six Cents ($4,666.66) shall be distributed as follows:

   (1) A check in the amount of Two Thousand dollars ($2,000.00) will be made payable to Zandro E. Palma, P.A. This sum is allocated as payment for Plaintiff's claims for attorney's fees and costs in the EEOC Charge.

   (2) A check in the amount of Two Thousand Six Hundred Sixty-Six dollars and Sixty-Six Cents ($2,666.66), for which an IRS Form 1099 shall be

issued, will be made payable to Plaintiff, Rosa M. Ananos. This sum is allocated as payment for Plaintiff's claims in the EEOC Charge.

(c) Thirty (30) days after the payment set forth in (b) is made, a sum of Four Thousand Six Hundred Sixty-Six dollars and Sixty Six Cents ($4,666.66) shall be distributed as follows:

(1) A check in the amount of Two Thousand dollars ($2,000.00) will be made payable to Zandro E. Palma, P.A. This sum is allocated as payment for Plaintiff's claims for attorney's fees and costs in the EEOC Charge.

(2) A check in the amount of Two Thousand Six Hundred Sixty-Six dollars and Sixty-Six Cents ($2,666.66), for which an IRS Form 1099 shall be issued, will be made payable to Plaintiff, Rosa M. Ananos. This sum is allocated as payment for Plaintiff's claims in the EEOC Charge.

(d) Thirty (30) days after the payment set forth in (c) is made, a sum of Four Thousand Six Hundred Sixty-Six dollars and Sixty Six Cents ($4,666.66) shall be distributed as follows:

(1) A check in the amount of Two Thousand dollars ($2,000.00) will be made payable to Zandro E. Palma, P.A. This sum is allocated as payment for Plaintiff's claims for attorney's fees and costs in the EEOC Charge.

(2) A check in the amount of Two Thousand Six Hundred Sixty-Six dollars and Sixty-Six Cents ($2,666.66), for which an IRS Form 1099 shall be issued, will be made payable to Plaintiff, Rosa M. Ananos. This sum is allocated as payment for Plaintiff's claims in the EEOC Charge.

Defendants shall forward the sums in paragraphs (a) – (d), above, to Counsel for Plaintiff. The parties agree that it is the responsibility of Plaintiff's counsel, Zandro E. Palma, to remit and disburse all sums owed to Plaintiff under the terms of this Agreement.

Plaintiff agrees that she is liable and fully responsible for payment of any and all taxes normally and customarily paid in association with such payment, including any penalties, interest or other costs attributable to the late payment of such taxes. Plaintiff agrees that she will indemnify and hold Defendants harmless from any tax liability normally and customarily paid by the Employee, including penalties and interest, in the event the IRS or any government agency subsequently determines that taxes, penalties, interest or other costs normally and customarily paid by the Employee are due for the sums paid pursuant to this Agreement.

4.  Plaintiff agrees that she is waiving all rights to employment or to be considered for employment as an employee, temporary employee, independent contractor, consultant, or in any other capacity with Defendants. The parties agree and further acknowledge that Plaintiff is not waiving claims or rights arising after the execution of this Agreement but that Plaintiff has contractually agreed not to apply for employment with Defendants in the future and this Agreement shall constitute a bar of any claim that Plaintiff may have should Plaintiff apply for employment with Defendants in the future and not be hired.

5.  It is expressly understood by Plaintiff and her attorney that the obligations of Defendants contained in paragraph 3 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or her attorney are now, or may become, entitled to, based upon any claim whatsoever arising out of her employment with Defendants or otherwise (including special, general or exemplary damages, attorney's fees, interest, expenses, and costs actually incurred).

6.  Plaintiff warrants that he, her spouse, family members, and accountants have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to her attorney(s) and accountant(s); (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for Defendants telephonically, and confirmed immediately thereafter in writing so that Defendants will have the opportunity to intervene to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

Plaintiff further agrees that she will engage in no conduct which is either intended to or could reasonably be expected to harm Defendants and further agrees that she will not take any action, legal or otherwise, which might embarrass, harass or adversely affect Defendants or which might in any way work to its detriment, whether directly or indirectly. In particular and by way of illustration not limitation, Plaintiff agrees that she will not directly or indirectly contact the press or media, any federal, state, or local governmental agency, officers, managers or employees, customers or any entity that has a business relationship with Defendants, in order to disparage the good morale or business reputation of Defendants or any of its employees.

The parties further agree that in the event that Plaintiff violates this provision, Defendants shall be entitled to the following from her:

a.  Any and all actual damages, including compensatory damages suffered;

b.  Liquidated damages in the amount of $1,500.00 per violation; and

381457                                              4

      c.      The agreement by the Plaintiff to the entry of a Restraining Order/ Injunction.

The foregoing agreement not to disclose shall be binding on Plaintiff, her spouse, family members, attorney, and accountant(s), and Plaintiff shall instruct her spouse, family members, attorney(s) and accountant(s) of this provision. Plaintiff's signature hereto also indicates her agreement that this non-disclosure provision is a material element of this Agreement and is a part of the consideration for Plaintiff and Defendants entering into this Agreement.  No action of Defendants shall be taken as a waiver of its right to insist that Plaintiff abide by the non-disclosure terms of this Agreement.

The parties further acknowledge that if Plaintiff is asked about the Civil Action or EEOC Charge, she may only respond that the "matters were amicably resolved," or that the "matters have been settled to the parties' mutual satisfaction," or other words to that effect.  The Plaintiff acknowledges and agrees that under this paragraph she is specifically prohibited from <u>initiating</u> any communication, verbally or in writing, with any person, business, organization, corporation, association or governmental agency regarding the institution of the Civil Action or EEOC Charge against Defendants or the underlying facts in those matters.

      7.      Plaintiff hereby unconditionally and irrevocably releases and forever discharges Defendants of and from, and agrees not to sue and not to assert against them any causes of action, claims and demands whatsoever, known or unknown, at law, in equity, or before any agency or commission of local, state and federal governments, arising, alleged to have arisen, or which might have been alleged to have arisen, or which may arise under any law including, but not limited to, federal, state or municipal anti-discrimination laws such as Title VII of the Civil Rights Act of 1964, as amended in 1972, 1991, the Florida Civil Rights Act, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, Chapter 448, Florida Statutes, Section 440.205, Florida Statutes, Article X, Sec. 24 of the Florida Constitution, Chapter 11A of the Miami-Dade County Code, and statutes and laws of contract and torts that Plaintiff on behalf of herself and on behalf of persons similarly situated, ever had, now has or which Plaintiff's heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, to the effective date of this Agreement.

Plaintiff waives the rights and claims set forth above, and agrees not to institute, or have instituted, a lawsuit against Defendants based on any such claims or rights.  Plaintiff specifically acknowledges that this Agreement releases Defendants from liability for any alleged discrimination that is or could be the subject matter of any charge Plaintiff has filed, including Charge No. 510-2015-04464, or may subsequently file against Defendants with the U.S. Equal Employment Opportunity Commission or any other agency.  Plaintiff further acknowledges and agrees that, with respect to the rights and claims she is waiving, she is waiving not only her right to recover in any action she

might commence, but also her right to recover in any action brought on her behalf by any other party, including, but not limited to, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency or department.

8.  The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

9.  The parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the parties or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

10. Plaintiff specifically acknowledges that she:

    a.  has been given at least twenty-one (21) full days within which to consider this Agreement;

    b.  is advised that she has the right and may consult with an attorney prior to executing this Agreement and acknowledges the opportunity to consult an attorney;

    c.  has seven (7) days following the execution of this Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until after this seven (7) day period has expired. To revoke this Agreement Plaintiff must advise the Defendants in writing of the election to revoke it within the seven (7) day period. Such written notice must be addressed and delivered to: Jenna N. Kochen, Esq., Allen, Norton & Blue, P.A., 121 Majorca Avenue, Coral Gables, Florida 33134;

    d.  is specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967 and all amendments thereto; and

    e.  is not waiving rights or claims that may arise after the date this Agreement is executed.

11. Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding. The proper and only venue for any action, based upon any alleged breach of any term, provision or obligation of this Agreement, shall be in the United States District Court for the Southern District of Florida.

12. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

13. The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed. A facsimile signature shall be deemed to be an original.

14. The parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the Civil Action with prejudice and dismissal of the EEOC Charge.

12/19/2015
_____          DocuSigned by:
Date                              *Rosa Ananos*
                                  _____
                                  ROSA M. ANANOS


_____          _____
Date                              ALEJANDRO SCOLNIK


_____          _____
Date                              GODIVA AMERICAN, CORP.
                                  d/b/a SANTA FE NEWS AND ESPRESSO


                                  By: _____
                                          (Print Name)

381457                            7

12. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

13. The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed. A facsimile signature shall be deemed to be an original.

14. The parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the Civil Action with prejudice and dismissal of the EEOC Charge.

_____   _____
Date                     ROSA M. ANANOS

_____   _____
Date                     ALEJANDRO SCOLNIK

_____   _____
Date                     GODIVA AMERICAN, CORP.
                         d/b/a SANTA FE NEWS AND ESPRESSO

                         By: _ALEX SCOLNIK_
                              (Print Name)

381457                          7